UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

ALICIA SWAN,                          CIVIL ACTION NO.:

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, ALICIA SWAN (hereinafter "SWAN" or "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant OCWEN LOAN SERVICING, LLC, (hereinafter "Defendant"), and alleges as follows:

### INTRODUCTION

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Chapter § 559.55, et seq. (hereinafter the "State Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in the defendants transact business here and the conduct complained of occurred here.

2. Plaintiff, ALICIA SWAN, is a natural person residing in Dade County, Florida and is a consumer as defined by 15 U.S.C. § 1692a(3) and Florida Statute §559.55 (2).

3. Defendant, OCWEN LOAN SERVICING, LLC, upon information and belief, is a Florida limited liability company engaged in the business of collecting debts in this state with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Palm Beach County, Florida.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Florida Statute §559.55 (6).

## FACTUAL ALLEGATIONS

5. On or about October 1, 2012, SWAN retained the law firm of Goldman & Rosa, P.A., to handle all matters related to an alleged debt owed to a third party (the "creditor").

6. On October 16, 2012, SWAN's legal representation, Goldman & Rosa, P.A., sent a certified letter to the Defendant, notify the Defendant that Plaintiff is represented by counsel. **A true and correct copy of the Notice of Representation sent to Defendant is attached hereto as Exhibit A and proof of receipt of said letter is attached hereto as Exhibit B.**

7. Specifically, SWAN's Notice of Representation provided the Defendant with Plaintiff counsel's name, address, and other contact information, and stated that all future correspondence and/or communications should be sent to the law office of Goldman & Rosa, P.A., and that all communications to SWAN should cease immediately.

8. Despite said letter/written notice to Defendant, and after being informed by the Plaintiff's counsel that the Plaintiff was represented, the Defendant continued and continues to willfully harass the Plaintiff through constant phone calls in which Defendant attempts to collect an alleged third party debt.

9. On numerous dates, including October 31, 2012, Defendant intentionally, knowingly, and willfully, mailed letters to Plaintiff, after obtaining knowledge of the Plaintiff's representation, in an attempt to collect said debt. **A true copy of one letter is attached hereto as Exhibit C.**

10. Despite numerous efforts by Plaintiff's legal representation to resolve the matter on behalf of the Plaintiff, including direct attempts to pay said debt and attempts to avoid said litigation, the Defendant has been evasive towards Plaintiff's counsel, while continuing to contact and communicate with the debtor directly, in a presumed attempt to harass and induce Plaintiff to pay drastically increased fees to Defendant.

11. As a result of the acts alleged above, Plaintiff has suffered and continues to suffer damages, including but not limited to mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity for the enjoyment of life, and Plaintiff is entitled to actual damages, statutory damages, and costs and attorney's fees.

12. All conditions precedent to the bringing of this action have been fulfilled or have occurred.

## COUNT I
### (Violation of FDCPA)

13. Plaintiff realleges and incorporates by reference paragraphs 1-12 above.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692c(a)(2) by intentionally and willfully continuing to contact SWAN after knowledge was obtained that SWAN was represented by counsel.

15. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendant's violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT II
### (Violation of F.S. 559.72)

16. Plaintiff realleges and incorporates by reference paragraphs 1-12 above.

17. Defendant violated the Florida Statute §559.72(18) (the "State Act"). Defendant's violation of the State Act include, but are not limited to, the following:

   (a) The Defendant violated Florida Statute 559.72(18) by intentionally and willfully continuing to contact SWAN after knowledge was obtained that SWAN was represented by counsel.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt along with increased fees to Defendant, and to harass Plaintiff.

19. As a result of the above violations of the State Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state ACT;
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Statutory damages pursuant to Florida Statute § 559.77(2).
E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Florida Statute § 559.77(2).
F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this Action.

Signed this 18th day of December, 2012.

                                           RESPECTFULLY SUBMITTED:

                                           GOLDMAN & ROSA, P.A.
                                           1000 Seminole Dr., Ste. 500
                                           Fort Lauderdale, Florida 33304
                                           Telephone: 954-565-4311
                                           Facsimile: 954-565-4322

                                           By: _____
                                           Randy Rosa, Esq.
                                           Fla. Bar No.: 21965
                                           randy@goldmanrosa.com